**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TILLIE FISCHER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 09 CV 6532** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CATERPILLAR INC.,** | ) | <u>**Jury Trial Requested**</u> |
| | ) | |
| **Defendant.** | ) | |

<u>**COMPLAINT**</u>

NOW COMES Plaintiff, TILLIE FISCHER, by and through her attorneys, LISA KANE &

ASSOCIATES, P.C., and complaining of Defendant, CATERPILLAR INC., states as follows:

**PRELIMINARY STATEMENT**

1.        This is an action seeking redress for violations of rights guaranteed to Plaintiff by

Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 <u>et</u>

<u>seq</u>., Title VII of the Civil Rights of 1964, as amended, 42 U.S.C. § 2000e <u>et seq</u>., by the Age

Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 <u>et seq</u>. and by

42 U.S.C. § 1981.   Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's

discriminatory employment practices.

**JURISDICTIONAL STATEMENT**

2.        Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and

28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C.

§ 12101 <u>et seq</u>., 42 U.S.C. § 2000e <u>et seq</u>., and 29 U.S.C. § 621 <u>et seq</u>., and 42 U.S.C. § 1981.

Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**VENUE**

3.      Venue is proper under 28 U.S.C. § 1391 (b)(1) and (2).

## PARTIES

4.      Plaintiff, TILLIE FISCHER, is a sixty (60) year old Caucasian female American citizen who resides in Sandwich, Illinois.

5.      Defendant, CATERPILLAR INC., is a Delaware corporation, which has continuously, and does now employ more than fifteen (15) employees, is engaged in an industry that affects commerce and continues to do business in Illinois.

## PROCEDURE

6.      Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on May 11, 2007.  The EEOC issued Plaintiff a Right to Sue on July 18, 2009, which was received shortly thereafter. The Notice of the Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice.  Plaintiff initiated this action within said ninety (90) day period.

## COMMON ALLEGATIONS

7.      Plaintiff began her employment with Defendant on December 4, 1973.

8.      Plaintiff has remained continuously employed with Defendant since March 1994, and is currently credited with over twenty-eight (28) years of service with Defendant.

9.      Throughout her employment with Defendant, Plaintiff has performed to its legitimate performance expectations as evidenced by the longevity of Plaintiff's employment, and a lack of discipline since Plaintiff has been continuously employed with Defendant beginning in March 1994.

10.     In May 1997, Plaintiff took medical leave from Defendant for an angioplasty.  After three (3) weeks, Plaintiff's physician approved Plaintiff for a return to work.

11.     Defendant refused to allow Plaintiff to return to work until approximately one (1) year after Plaintiff's angioplasty in spite of Plaintiff's ability to return to work.[1]

12.     When Plaintiff returned to work in 1998, she was placed in a medical group to perform office work.

13.     As a result of being placed in a medical group, Plaintiff was no longer eligible for raises or overtime afforded to others.

14.     Plaintiff did not receive a raise from 1997 through January 2008 as a result of being in the medical group.

15.     While she was in the medical group, Plaintiff was constantly discouraged by supervisory and management employees of Defendant, such as Staffing Coordinator Dee Schaeffer, from applying from any other positions on the purported basis that Plaintiff could not do any other job because of her medical restrictions.

16.     On numerous occasions, Plaintiff requested that Defendant's physician, Dr. Neu, remove many of the medical restrictions that Plaintiff was subject to at Defendant, as many of the restrictions had been in Plaintiff's file since 1974 which were related to medical conditions with which Plaintiff was no longer afflicted.

17.     In spite of Plaintiff's repeated requests, Dr. Neu refused to lift the restrictions on Plaintiff, which caused Plaintiff to be stagnant in her position in the medical group performing office work.

18.     In about February 2007, despite the medical restrictions not being lifted, Plaintiff took

---

[1]     "[E]vidence regarding allegedly discriminatory acts occurring outside the limitations period may be admissible in suits predicated on discrimination within the limitations period." Leffingwell v. Sears, Roebuck & Co., 717 F.Supp. 620, 622 (N.D. Ill. 1989).

and passed the inspection test so that Plaintiff could pursue other opportunities with Defendant which would increase her pay and allow her the opportunity to work overtime.

19.     Despite Plaintiff passing the inspection test, Defendant would not afford to Plaintiff another position outside of the medical group.

20.     As a result of Defendant's refusal to lift Plaintiff's restrictions foreclosing Plaintiff from the ability to be removed from medical grouping, on May 11, 2007, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging disability discrimination, age discrimination, and sex discrimination.

21.     Plaintiff is a member of a group of older Caucasian female employees of Defendant who have been systematically discriminated against by being forced to accept light duty in Defendant's medical group for an extended period of time.  Other members of this group include: Linda Nalley, who is approximately fifty-nine (59) years old, Rayanne Carlson, who is approximately fifty-five (55) years old, and Virginia Lake, who is approximately sixty-one (61) years old.

22.     In January 2008, when about two (2) of Plaintiff's medical restrictions were finally lifted, Plaintiff finally received an inspector position in a timely manner.

23.     Despite receiving the inspector position, Plaintiff was not afforded the raises which are provided to other inspectors.

24.     After Plaintiff completed the inspector position for three (3) months, Plaintiff was projected to receive a raise.  Plaintiff was also to receive an additional raise approximately three (3) months later, then another raise to full inspector pay.

25.     Plaintiff did not receive a raise from bottom class 4 inspector until on or about

4

February or March 2009. Plaintiff was denied this raise by her supervisor, Felipe Lopez, on the purported basis that Plaintiff had to "prove herself."

26.     Plaintiff did not receive top inspector pay until July 2009.

27.     Belying the pretextual explanation for Plaintiff not being afforded the raise is the fact that Plaintiff was on the night shift while Lopez was on the day shift, affording Plaintiff no opportunity to "prove herself" to Lopez.

28.     Additionally, it was evident that Plaintiff did not need to "prove herself" as Plaintiff had already served in the inspector position for Defendant, and had even trained individuals who were currently serving as inspectors in the duties and responsibilities of an inspector.

## COUNT I - ADA DISABILITY DISCRIMINATION

29.     Paragraphs one (1) through twenty-eight (28) are incorporated by reference as if fully set out herein.

30.     Plaintiff is considered an individual with disabilities for the purposes of the ADA, 42 U.S.C. § 12102(2), in that she suffers from physical impairments caused by an angioplasty, neck surgery, and asthma that substantially limit one or more major life activities, including, breathing and lifting.

31.     At all times material hereto, Plaintiff has been regarded by Defendant as having such impairments.

32.     Plaintiff is a qualified individual with a disability for purposes of the ADA, 42 U.S.C. § 12111(8), in that she could and did at all times perform the essential functions of her job during her employment with reasonable accommodations, and Defendant regarded Plaintiff as having a physical impairment that substantially limited her major life activities.

33.     Despite suffering impairments caused by her disabilities, Defendant refused to remove medical restrictions which were no longer applicable to Plaintiff, which foreclosed promotional opportunities for Plaintiff and made it so Plaintiff did not receive overtime or a raise for over fifteen (15) years.

34.     Plaintiff was physically able to work in areas of Defendant's shop but she was denied an opportunity for over a decade from the opportunity to work in the shop with a reasonable accommodation.

35.     In or about April 2007, Plaintiff's supervisor, Dan Spivey, placed Plaintiff in an outer corner of the shipping floor with a substantial amount of dust in the air which affected Plaintiff's ability to breath due to her asthma.

36.     In response to being placed in an outer corner of the shipping floor, Plaintiff requested that she be placed in a different work location.  In response to Plaintiff's request, Spivey made several comments to Plaintiff which is demonstrative of animus towards disabled employees.  These comments included:

    a)      "I can do anything I want with you.";

    b)      "Don't you realize that Caterpillar doesn't care about you people with disabilities."; and

    c)      "You are not making money for Caterpillar, you are costing them money, they don't care."

37.     The aforementioned acts and omissions of Defendant constitute unlawful and intentional discrimination against Plaintiff because of her disabilities, in violation of Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.

6

38.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, physical and emotional harm.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, TILLIE FISCHER, prays for judgment against Defendant and respectfully requests that this Court:

A.     Declare the conduct of the Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.     Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice, which unlawfully discriminates on the basis of disability;

C.     Order Defendant to make whole TILLIE FISCHER by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.     Grant Plaintiff any actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E.     Order Defendant to pay lost, foregone, and future wages to TILLIE FISCHER;

F.     Grant Plaintiff her attorney's fees, costs, disbursements; and

G.     Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II - ADEA - AGE DISCRIMINATION

39.     Paragraphs one (1) through twenty-eight (28) are incorporated by reference as if fully set out herein.

7

40.     Upon receiving the inspector position, Plaintiff noticed that several of her colleagues who had formerly been on light duty had been removed from that light duty and were now her coworkers.

41.     In fact, one of the individuals whose restrictions were lifted included an assembler named Jason, who is in his twenties (20's) and who was allowed to return to regular shop duty with restrictions shortly after serving light duty subsequent to a surgery.

42.     Plaintiff and her coworkers who are older such as Linda Nalley, who is approximately fifty-nine (59) years old, Rayanne Carlson, who is approximately fifty-five (55) years old, and Virginia Lake, who is approximately sixty-one (61) years old were not allowed to leave the medical group when they were physically able to return to the shop with a reasonable accommodation, unlike younger workers who were allowed to return to the shop with a reasonable accommodation.

43.     The aforementioned acts and omissions of Defendant constitute unlawful discrimination on the basis of Plaintiff's age, sixty (60) years old, in violation of the ADEA, as amended, 29 U.S.C. § 621 et seq.

44.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TILLIE FISCHER prays for judgment against Defendant and respectfully requests that this Court:

A.     Declare the conduct of the Defendant to be in violation of rights guaranteed to Plaintiff under appropriate federal law;

B.      Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices that unlawfully permit age discrimination to persist in the work place;

C.      Order Defendant to make whole TILLIE FISCHER by providing the affirmative relief necessary to eradicate the effects of the Defendant's unlawful practices;

D.      Grant the Plaintiff any consequential, compensatory, liquidated, and any other damages that the Court may deem appropriate;

E.      Grant the Plaintiff her attorney's fees, costs, and disbursement; and

F.      Grant the Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT III - TITLE VII - SEX DISCRIMINATION

45.     Paragraphs one (1) through twenty-eight (28) are incorporated by reference as if fully set out herein.

46.     Upon receiving the inspector position, Plaintiff noticed that several of her colleagues who had formally been on light duty had been removed from that light duty and were now her coworkers.

47.     In fact, one of the individuals whose restrictions were lifted included a male assembler named Jason, who was allowed to return to shop duty with restrictions shortly after serving light duty subsequent to a surgery.

48.     Another individual who Plaintiff noticed working as an inspector after Plaintiff left light duty was Mark Branch, who was allowed the opportunity to work in inspection on a scooter which had a holder for his cane.

9

49.     Plaintiff and her female coworkers such as Linda Nalley, Rayanne Carlson, and Virginia Lake were not allowed to leave the medical group when they were physically able to return to the shop with a reasonable accommodation, unlike male workers who were allowed to return to the shop with a reasonable accommodation.

50.     The aforementioned acts and omissions of Defendant constitute unlawful discrimination on the basis of Plaintiff's sex, female, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

51.     As a direct and proximate result of the above alleged discriminatory conduct of Defendant, Plaintiff has suffered damages, including but not limited to lost and foregone wages and benefits and emotional harm.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TILLIE FISCHER, prays for judgment against Defendant and respectfully requests that this Court:

A.     Declare the conduct of the Defendant to be a violation of rights guaranteed to Plaintiff pursuant to appropriate federal law;

B.     Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice that unlawfully discriminates on the basis of sex;

C.     Order Defendant to make whole TILLIE FISCHER, by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.     Order Defendant to pay lost, foregone, and future wages to TILLIE FISCHER;

E.     Grant Plaintiff the consequential, compensatory, punitive and any other damages that

10

the Court may deem appropriate;

F.      Grant the Plaintiff her attorneys' fees, costs, and disbursements; and

G.      Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT IV - 42 U.S.C. § 1981-RACE DISCRIMINATION

52.     Paragraphs one (1) through twenty-eight (28) are incorporated by reference as if fully set out herein.

53.     Throughout Plaintiff's employment, Plaintiff's African American coworkers, such as Evelyn, who broke both her ankles requiring her to go on disability were able to return to shop duty with restrictions as soon as they were physically able to perform such duties.

54.     Plaintiff and her coworkers who are Caucasian such as Linda Nalley, Rayanne Carlson, and Virginia Lake were not allowed to leave the medical group when they were physically able to return to the shop with a reasonable accommodation, unlike non-Caucasian workers who were allowed to return to the shop with a reasonable accommodation.

55.     The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of her race, Caucasian, and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship in violation of 42 U.S.C. § 1981.

56.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits, and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TILLIE FISCHER, prays for judgement against Defendant and respectfully requests that this Court:

A.      Declare the conduct of the Defendant to be in violation of rights guaranteed to Plaintiff under appropriate federal law;

B.      Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices that unlawfully discriminates on the basis of race.

C.      Order Defendant to make whole TILLIE FISCHER by providing the affirmative relief necessary to eradicate the effects of the Defendant's unlawful practices;

D.      Order Defendant to pay lost, foregone, and future wages to TILLIE FISCHER;

E.      Grant the Plaintiff consequential, compensatory, punitive and any other damages that the Court may deem appropriate;

F.      Grant the Plaintiff her attorneys' fees, costs, and disbursements; and

G.      Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

57.     Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

Respectfully submitted,
TILLIE FISCHER, Plaintiff,

By: s/Lisa Kane
Lisa Kane, Attorney for Plaintiff

Lisa Kane & Associates, P.C.

12

Attorney for Plaintiff
141 West Jackson Boulevard, Suite 3620
Chicago, Illinois 60604
(312) 606-0383
Attorney Code No. 06203093